# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**NORMA COLEMAN,**
                **Plaintiff,**

      **v.**                              **Case No. 09C0808**

**GOODWILL INDUSTRIES,**
                **Defendant.**

---

## DECISION AND ORDER

Pro se plaintiff Norma Coleman brings this employment discrimination action against defendant Goodwill Industries claiming gender discrimination. Defendant now moves for summary judgment. Because plaintiff failed to respond to defendant's proposed findings of fact, they are deemed admitted. Civ. L.R. 56(f)(4) (E.D. Wis. 2010).

The facts are as follows: plaintiff was employed by defendant as a donation attendant. On March 21, 2007, plaintiff's supervisor Melanie Chiaverroti asked plaintiff to check the number of shoes in stock and plaintiff failed to do so. Store manager, Shirley Ryan, informed plaintiff that she was expected to follow supervisors' directives. On April 6, another supervisor, Carolyn Beckham, asked plaintiff to move shopping carts onto the store floor and again plaintiff failed to do so. On April 11, Ryan met with plaintiff about the April 6th incident and issued plaintiff a written corrective action notice, the first step in defendant's graduated disciplinary policy. Immediately after leaving Ryan's office, plaintiff stated to others that Beckham had lied. Shortly afterward, Ryan suspended plaintiff for accusing Beckham of lying. On April 18, Ryan met with plaintiff again and terminated her for insubordination.

I may grant defendant's motion only if, taking all the facts and reasonable inferences therefrom in favor of plaintiff, no reasonable factfinder could find for plaintiff. Plaintiff presents no direct evidence of gender discrimination and thus must proceed under the indirect burden-shifting method articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under this approach plaintiff must establish a prima facie case of discrimination by showing that: 1) she is a member of a protected class; 2) she was meeting her employer's legitimate performance expectations; 3) she suffered an adverse employment action; and 4) other similarly situated employees who were not members of the protected class were treated more favorably. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000). If plaintiff establishes a prima facie case, a presumption of discrimination arises. Id. The burden of production then shifts to defendant to provide a legitimate, non-discriminatory reason for the adverse employment action. Id. at 142-43. If defendant provides such a reason, the presumption falls away and plaintiff must demonstrate that defendant's proffered reason for the discipline is dishonest and that the true reason was based on discriminatory intent. Faas v. Sears, Roebuck & Co., 532 F.3d 633, 642 (7th Cir. 2008).

Plaintiff fails to show that she was meeting her employer's legitimate expectations and therefore fails to establish a prima facie case of discrimination. The evidence shows that on two occasions she failed to comply with supervisors' directives and subsequently was insubordinate by accusing one of the supervisors of lying. Furthermore, even if plaintiff could establish a prime facie case of discrimination, defendant articulates a legitimate, non-discriminatory reason for discharging her; insubordination. See Stringel v. Methodist Hosp., 89 F.3d 415, 417 (7th Cir. 1996).

Therefore for the reasons stated,

**IT IS ORDERED THAT** defendant's motion for summary judgment is **GRANTED** and this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 10th day of December 2010.


/s_____
LYNN ADELMAN
District Judge